# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

JAY PATTON,                                     )
                                                )
        Plaintiff,                          )
                                                )
v.                                              )          No.:    3:13-CV-147-TAV-CCS
                                                )
G. NANCE, *et al.*,                             )
                                                )
        Defendants.                         )

## MEMORANDUM AND ORDER

Jay Patton, ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 14, 2013 [Doc. 2]. The Court detailed the procedural history of this case in its October 28, 2016, Order:

> Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 14, 2013 [Doc. 2].[1] On May 7, 2013, Plaintiff's motion for leave to proceed *in forma pauperis* was granted, and his claims against several defendants were dismissed; however, Plaintiff was permitted to proceed with his claims against Defendants Nance, Houston, Keathly, and Underwood [Doc. 5]. The U.S. Marshal Service attempted service upon these remaining Defendants on behalf of Plaintiff, but each summons was returned unexecuted as "refused" [Docs. 6–9].

> From July through October of 2013, Plaintiff filed numerous letters regarding the status of his case, as well as a motion for default judgment against the remaining Defendants [Docs. 10–18]. On December 13, 2013, the Court ordered Plaintiff to show cause within 20 days as to why his case should not be dismissed without prejudice based on Plaintiff's failure to timely serve Defendants pursuant to Federal Rule of Civil Procedure 4 [Doc. 19]. Plaintiff did not respond, and on January 9, 2014, the Court dismissed Plaintiff's action with prejudice for failure to prosecute and failure to comply with Court orders, pursuant to Federal Rule of Civil Procedure 41(b) [Docs. 20–21].

> Plaintiff appealed and on September 19, 2014, the United States Court of Appeals for the Sixth Circuit vacated the Court's judgment and remanded

---

[1] On March 18, 2013, this matter was deemed related to another § 1983 action brought by Plaintiff. [Doc. 3; *see* E.D. Tenn. Case No. 3:13-cv-146].

Plaintiff's action to this Court [Docs. 25–26]. This action was reopened on October 15, 2014. Plaintiff has filed two letters since that time: the first, on October 28, 2014, requested a copy of the docket sheet, and the second, filed on April 6, 2015 . . .

[Doc. 29 at 1–2].

The Court noted that the status of this case is "unclear," given that: (1) more than 3 years had passed since Plaintiff's failed attempts at serving the remaining Defendants; (2) more than 18 months had passed since Plaintiff had taken any action with respect to this action; (3) Plaintiff has never responded to the Court's December 13, 2013, Order to show cause; (4) Plaintiff has not sought additional time to effect service; and (5) nothing in the record suggests that he has made any effort to discover or provide additional information about the whereabouts of the remaining Defendants [*Id.* at 2–3]. Accordingly, the Court ordered Plaintiff "to file a response to this Order **within 45 days of the date of entry**, advising the Court as to whether he wishes to move forward in prosecuting this action. The Court further ordered Plaintiff, once again, to show cause as to why this case should not be dismissed pursuant to Rule 4(m) for failure to effect service upon Defendants" [*Id.* at 3]. The Court cautioned that "[i]f Plaintiff fails to timely respond or fails to show cause, the Court must—at a minimum—dismiss the action without prejudice as to the remaining Defendants," pursuant to Federal Rule of Civil Procedure 4(m)[2] [*Id.*]. However, the Court warned Plaintiff that "his failure to file a timely response to this Order may once again result in the dismissal of this action with prejudice for failure to prosecute and/or failure to

---

[2] *See, e.g.*, *Reed-Bay v. Pramstaller*, 607 F. App'x 445, 449–50 (6th Cir. 2015) (affirming dismissal of claims raised by pro se prisoner pursuant to Rule 4(m), noting that "an incarcerated plaintiff may not shirk all responsibility for seeing that the Marshals Service fulfils its duty to effectuate service"); *VanDiver v. Martin*, 304 F. Supp. 2d 934, 942 (E.D. Mich. 2004) (noting that "a plaintiff may not remain silent and do nothing to effectuate service," and concluding that the pro se plaintiff's "silence and inaction" after the Marshal's failed attempt at service "was not reasonable and was a superceding cause for the failure of timely service," warranting dismissal under Rule 4(m)).

2

comply with a Court order pursuant to Rule 41(b)" [*Id.*]. More than 45 days have now passed since the entry of the Court's Order, but Plaintiff has filed no response to the Court's Order, nor has he taken any additional action with respect to this case.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court can discern no reason for Plaintiff's failure other than willfulness or fault. Although Plaintiff has demonstrated an ability to file numerous motions with the Court in the past, he has filed nothing with the Court since April 2015, and there is nothing in the record to indicate that he did not receive the Court's Order.[3] Accordingly, this

---

[3] The Court notes that Local Rule 83.13: makes it the duty of a pro se party "to monitor the progress of the case, and to prosecute or defend the action diligently," to "promptly notify the Clerk and the other parties to the proceedings of any change in his or her address . . . within 14 days," and provides that a party's failure "to timely respond to an order or pleading address to the last address provided to the Clerk may result in dismissal of the case" E.D. Tenn. L.R. 83.13.

3

factor weighs in favor of dismissal. The second factor weighs neither for nor against dismissal. Because Defendants have not yet been served, they have not been made to appear. However, it is arguable that Defendants could be prejudiced in their defense of this action due to the fact that this case has remained stagnant for an extended period of time. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure, and despite the Court's prior dismissal of this action with prejudice pursuant to Rule 41(b). Finally, the Court finds that alternative sanctions would not be effective. Plaintiff is proceeding *in forma pauperis* and therefore has no ability to pay a monetary fine. The Court does not believe that dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice (and the Court's prior dismissal of this action with prejudice) was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action will hereby be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b). In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE